No. 325          April 9, 2025          647

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GRIFFIN CREEK PARTNERS, LLC,
and Michael Birkhead,
*Plaintiffs-Respondents,*

*v.*

Neil GEARIN,
*Defendant-Appellant.*

Jackson County Circuit Court
21CV06916; A180177

David G. Hoppe, Judge.

Argued and submitted May 8, 2024.

Melisa A. Button argued the cause for appellant. Also on the briefs was Hornecker Cowling LLP.

Erik J. Glatte argued the cause for respondents. Also on the brief was Jarvis, Glatte, Larsen & Bunick LLP.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.*

PAGÁN, J.

Affirmed.

_____

* Powers, Judge *vice* Mooney, Judge.

**PAGÁN, J.**

After an informal agreement to build a hemp farm broke down, plaintiff sued defendant for unjust enrichment based on improvements plaintiff had made to defendant's barn and farm property. Defendant asserted a counterclaim for elder abuse, ORS 124.110. Following a bench trial, the court entered judgment in favor of plaintiff, and defendant appealed. Defendant raises three assignments of error. In his first assignment, defendant argues that the trial court erred when it added a *mens rea* requirement to the elder abuse claim under ORS 124.110(1)(b). In his second assignment of error, defendant argues the trial court erred when it added both a *mens rea* requirement and an economic damages requirement for his claim of elder abuse under ORS 124.110(1)(a). We understand defendant to be arguing in his first and second assignments that the trial court misapplied the pertinent elder abuse law. That argument is based on the trial court's speaking verdict; however, we disagree with defendant's assessment of the trial court's speaking verdict. In turn, the trial court did not err by denying the elder abuse claims, and thus we need not reach the issue of economic damages. In his third assignment of error, defendant argues the trial court erred when it granted plaintiff's unjust enrichment claim, and that the damages award was not supported by evidence in the record. We further conclude that the trial court did not err by ruling in plaintiff's favor on the unjust enrichment claim and awarding damages. We affirm.

## I. BACKGROUND

A. *Standard of Review*

As procedural background, we note that defendant has requested *de novo* review. We decline defendant's request for *de novo* review, as this is not an exceptional case. *See* ORAP 5.40(8)(d) (factors for *de novo* review). But we note that defendant's arguments on appeal are framed as if we are conducting *de novo* review. As we explain, defendant's arguments fail when viewed through the appropriate standard of review. When reviewing a trial court's legal conclusion based on that court's assessment of evidence presented at trial,

"we are bound by the court's factual findings as long as the record contains evidence that supports those findings. To the extent that the trial court did not explicitly state its factual findings, we assume that it found facts consistent with its conclusion (assuming, again, that the evidence in the record would support such findings)."

*Troubled Asset Solutions v. Wilcher*, 365 Or 397, 404, 445 P3d 881 (2019) (internal quotation marks omitted). We "view the evidence in the light most favorable to the [trial] court's disposition to determine if it supports the court's legal conclusions." *Id.* (brackets in original; internal quotation marks omitted).

B.  *Factual Background*

Plaintiff is a health care executive who ran Griffin Creek Partners, LLC, as a side business.[1] Defendant, at the time of the disagreement, was 81 years old, retired, and in declining health. Plaintiff and defendant owned adjoining parcels of land. Defendant owned the parcel at issue in this case (the property), but he did not live on the property.

By plaintiff's account, he approached defendant and suggested that the property would make an excellent hemp farm. They orally negotiated that plaintiff would develop the property, pay defendant one-third of farming revenue, and eventually purchase the property from defendant. At trial, defendant took the position that no agreement was ever reached.

After the negotiations, the parties then met in the presence of a digital notary on May 2, 2020, to sign a quitclaim deed transferring the property from defendant to plaintiff. The meeting was recorded and the video was admitted as an exhibit at trial. Defendant appeared lucid, and the quitclaim deed was mentioned repeatedly. Defendant's doctor later provided a letter stating that, in the doctor's opinion, defendant had been mentally competent for the exchange. Defendant testified at trial that he was not in fact present

_____

[1] Both Griffin Creek Partners, LLC, and Micheal Birkhead sued defendant. Michael Birkhead runs Griffin Creek Partners along with his wife. For all issues relevant to this case, Griffin Creek Partners only acted by and through Michael Birkhead, and thus we use "plaintiff" to mean Michael Birkhead acting individually and on behalf of Griffin Creek Partners.

for the exchange of the deed, and that the video had been faked. The trial court found defendant not credible on that point.[2]

Plaintiff then began making improvements to the property. His workers cleaned up the property, repaired and installed irrigation, and disposed of trash. There were three barns on the property, two of which are the crux of the dispute. Barn one was in serious disrepair and had structural damage. Barn three needed general repairs but was in better condition than barn one. Plaintiff's workers tore down barn one and used the salvaged material to repair barn three.

Defendant visited the property at the end of June 2020 after barn one had been torn down and expressed concern about the location of some of his belongings. Shortly after, defendant underwent surgery, after which some friends checked on the property for him and came to believe that plaintiff had taken advantage of defendant. On July 12, 2020, a neighbor told plaintiff that defendant was accusing him of elder abuse. On July 15, plaintiff announced to his workers that the project was canceled. On September 2, plaintiff received a letter from Adult Protective Services telling him that he was under investigation with regards to defendant. On September 28, defendant's attorney sent a demand letter for the return of the ownership of the property to defendant. On October 16, plaintiff reconveyed the property, now improved by the reconstruction of the barn and other repairs, back to defendant.

Plaintiff then sued defendant for breach of contract and unjust enrichment for the value of the improvements that plaintiff had made to the property. Defendant counterclaimed for elder abuse. Both parties filed detailed trial

---

[2] Defendant argues on appeal that the trial court determined that defendant had reduced capacity at the time of the signing. The transcript of the court's ruling on that point is difficult to parse. From a cursory examination, it could appear that the court was concluding that defendant *did* have reduced capacity. Indeed, defendant takes this position, and uses it to support various arguments. But a close reading of the ruling, combined with the evidence and pleadings, suggests that the trial court rejected the allegation that defendant had reduced capacity at the time of the signing, while leaving open the possibility that defendant had reduced capacity at other points in the summer of 2020.

memorandums.[3] Defendant moved for a directed verdict at the close of plaintiff's case in chief, which the trial court denied. The court ultimately found for plaintiff on the unjust enrichment claim and awarded damages in the amount of $158,613. The court denied plaintiff's breach of contract claim and denied defendant's elder abuse counterclaims.

## II.   ANALYSIS: THE ELDER ABUSE CLAIMS

A.   *Statutory Framework*

ORS 124.100 provides for a civil cause of action for either the physical or financial abuse of a vulnerable person, which includes anyone 65 years of age or older. An action for financial abuse of a vulnerable person may be brought, as relevant here:

"(a)   When a person wrongfully takes or appropriates money or property of a vulnerable person, without regard to whether the person taking or appropriating the money or property has a fiduciary relationship with the vulnerable person.

"(b)   When a vulnerable person requests that another person transfer to the vulnerable person any money or property that the other person holds or controls and that belongs to or is held in express trust, constructive trust or resulting trust for the vulnerable person, and the other person, without good cause, either continues to hold the money or property or fails to take reasonable steps to make the money or property readily available to the vulnerable person when:

"(A)   The ownership or control of the money or property was acquired in whole or in part by the other person or someone acting in concert with the other person from the vulnerable person; and

"(B)   The other person acts in bad faith, or knew or should have known of the right of the vulnerable person to have the money or property transferred as requested or otherwise made available to the vulnerable person."

---

[3] The trial memorandum was sufficient, under the circumstances and combined with the motion for a directed verdict, to preserve the various arguments on appeal. *Garcia-Ascencio v. Gonzalez*, 321 Or App 751, 757, 517 P3d 332 (2022) (A trial memorandum may be sufficient for preservation purposes, even where the party fails to object orally during the court's recitation of findings).

ORS 124.110(1); *see also Adelsperger v. Elkside Development, LLC*, 322 Or App 809, 822, 523 P3d 142 (2022), *rev'd in part on other grounds*, 371 Or 61 (2023) (discussing the elements of ORS 124.110 in depth). Defendant counterclaimed under both paragraph (1)(a) and (1)(b) of ORS 124.110.

B.   Mens Rea *Requirement for ORS 124.110(1)(b)*

On appeal, defendant argues that the trial court erred by adding a *mens rea* requirement to ORS 124.110 (1)(b)(B) by inserting a requirement that the party be "unscrupulous"—in other words, that the court added an additional requirement that is not contained in the statute. Plaintiff responds that defendant misconstrues the provision and the court's words. The trial court stated, in part, that

> "the elder abuse statutes are there for a reason. And the reason is that elderly people are often taken advantage of by unscrupulous people, and that this type of situation with hemp and marijuana grows would be one of those things that potentially could happen. I do not find it to be the case at this point. I do not find that these are unscrupulous people.

> "At least Mr. Birkhead and his wife do not appear to be unscrupulous people. I heard no testimony whatsoever that would lend me to believe that they have not done anything other than not really exercised tremendously good judgment in their business practices."

We understand defendant's argument to be that the trial court added an element that the actor must be "unscrupulous" in order to support a claim for elder abuse. We reject that based on our understanding of the speaking verdict.

Insofar as the court reflected on the purpose of the statute or used the word "unscrupulous" in its speaking verdict, we understand the court to have been addressing, in part, whether plaintiff had acted in bad faith, which is one of the ways (but not the only way) in which ORS 124.110 (1)(b)(B) may be met. Although the trial court did not use the words "bad faith," it did at one point note that plaintiff had acted in good faith with regard to the disposal of defendant's personal property.

We also understand that the trial court's discussion of whether plaintiff was "unscrupulous" was partly the court's attempt to explain to the parties why the court was not persuaded by defendant's arguments. In a trial where the credibility of the parties was key, the trial court was also explaining its assessment of plaintiff's credibility. Thus, although the trial court's wording may have been legally imprecise, it did not add a requirement to the statute, and did not err in the manner that defendant contends.

C.   *ORS 124.110(1)(a)*

In his second assignment of error, defendant raises the same argument regarding the wrongful addition of an "unscrupulous" element to the claim. For the reasons discussed above, we reject that argument.

Defendant also asserts that he established the elements of his elder abuse claim under ORS 124.110(1)(a), pointing to evidence that he asserts establishes the "wrongfulness" of plaintiff's taking or appropriation of defendant's real and personal property and the destruction of his barn. Defendant's argument relies upon our taking *de novo* review of the facts, which we have declined to do. The facts as explicitly and implicitly found by the court are supported by evidence in the record, and defendant has not advanced any plausible argument that the facts as found would compel a different legal conclusion. We therefore reject defendant's argument that he proved his elder abuse claim under ORS 124.110(1)(a).

Because we conclude that the court did not err in denying the claim under ORS 124.110(1)(a), we need not reach defendant's argument regarding whether the trial court properly understood the damages aspect of the statute.

## III.   ANALYSIS: UNJUST ENRICHMENT

Defendant contends that the trial court erred in determining that plaintiff was unjustly enriched because there was insufficient evidence in the record to support that determination. Unjust enrichment requires that:

"(1) the plaintiff conferred a benefit on the defendant;
(2) the defendant was aware that it had received a benefit;

and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it."

*Cumming v. Nipping*, 285 Or App 233, 239, 395 P3d 928 (2017). We have observed that the third element is the true focus of the inquiry but must still be determined by recognized legal principles, "not abstract notions of morality." *Id*. The third element can be satisfied when an ownership interest in real property is frustrated after a person improves such property in reliance on the representation that they would become the owner of the property. *Hoag Living Trust v. Hoag*, 292 Or App 34, 45, 424 P3d 731 (2018).

Here, plaintiff testified that he expected to purchase the property from defendant at some point. Plaintiff then spent considerable time, effort, and money to clean up the property, install irrigation and drainage, and repair and retrofit barn three, which materially increased the resale value of the property and could not be separated from the property. The court explicitly found that defendant was aware that he had received the benefit, which is supported by defendant's presence on the property during the construction and conversations with one of plaintiff's workers in which he expressed admiration for the work done on barn three. The trial court's factual findings are supported by evidence in the record, as is its determination that under the circumstances, it would be unjust for defendant to retain the benefit of the increased value of the property without paying for it. The trial court did not err by concluding that the elements of unjust enrichment had been met.

Plaintiff presented evidence of the value conferred in two forms: first, rough calculations based on the change in value in the property before and after the work had been done, and second, based on documents prepared by him and his workers as to the value of their services and the cost of materials. Defendant argues that the amount of the award is not based in the evidence, because the property valuations are an imprecise way to gauge value. Defendant also argues that plaintiff had not paid and is not contractually obligated to pay his workers, and thus should not be allowed to use their unrealized wages as evidence to support the award. But viewing the evidence through our standard of review,

the court could have credited the testimony from plaintiff and his workers as to the value of their services and the improvements. We thus conclude that there was sufficient evidence to support the amount of the award, and therefore the court did not err.

## IV.   CONCLUSION

In sum, the trial court did not misapply the elder abuse statutes, ORS 124.110(1)(a) and ORS 124.110(1)(b). There was sufficient evidence to support plaintiff's unjust enrichment claim, as well as the amount of damages awarded. The trial court did not err.

Affirmed.